MAY *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered March 22, 1920.

1. RAILROADS—FIRE—EVIDENCE.—In an action for the burning of a pasture alleged to have been fired from sparks from defendant's locomotive, evidence *held* to sustain a finding for defendant.

2. RAILROADS—FIRE—PRESUMPTION.—Though a jury may infer that a fire occurring in a pasture a few minutes after the passing of an engine emitting sparks originated from such sparks, in the absence of any evidence of another origin, they are not bound to make that inference.

3. TRIAL—INSTRUCTION—OPINION AS TO FACTS.—In an action against a railroad company for damages from fire an instruction that *even* if the jury find for plaintiff, they should not return a verdict for more than the actual cost value of the property destroyed, was not objectionable as intimating the court's opinion that a finding for plaintiff was not probable.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; affirmed.

*J. O. A. Bush,* for appellant.

1. The undisputed evidence shows that plaintiff is entitled to recover damages in some amount and therefore the verdict is contrary to the evidence. It was shown that the fire came from the railroad train which had just passed. 112 Ark. 298; 119 *Id.* 147; 77 *Id.* 436; 76 *Id.* 134.

2. The court erred in giving instruction No. 5 for defendant. The word "even" should have been left out of the instruction; it amounts to a statement by the court

that the jury are not expected to find for the plaintiff. 165 Ala. 411; 59 So. 588.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellee.

The verdict is sustained by the evidence and there was no error in the instructions. 56 Mo. App. 54.

McCULLOCH, C. J. Appellant is a farmer in Nevada County, cultivating lands as a tenant of the owner, and he joined with his landlord in this action against the appellee railroad company to recover damages sustained by reason of the burning of a pasture alleged to have been fired by sparks from a passing engine. The answer presented an issue upon the allegations of the complaint, and the trial before a jury resulted in a verdict in favor of appellee.

The principal contention here, in the effort to reverse the judgment, is that the verdict was not supported by legally sufficient evidence. Appellant himself and numerous other witnesses gave testimony which was undoubtedly sufficient to warrant a verdict in appellant's favor. The pasture land was adjoining the right-of-way of the railroad. It was a Bermuda grass pasture which was thoroughly dry, the fire occurring on November 23, 1917, and the fire was discovered very shortly after the passing of a train. There was no testimony adduced tending to show origin of the fire other than by communication of sparks from the passing engine.

It can not be said, however, that the testimony adduced by appellant absolutely excluded the hypothesis of the fire originating from any other source than the passing engine. Appellant discovered the fire just a few moments after the train passed, when only a very small part of the pasture had burned—as he described it, a place about the size of a table. Other witnesses who were more or less distant from the fire—some of them as far away as a mile—testified that they saw the fire ten or fifteen minutes after the train passed. Others testified that they saw the pasture burning before the train got out of hearing.

This court has decided in an unbroken line of cases, beginning with *Railway Company* v. *Dodd,* 59 Ark. 317, that where inflammable property situated near a railroad track was discovered to be on fire soon after the passing of an engine emitting sparks, these were "facts from which the jury might have inferred that the fire originated in sparks from the engine of the train which had just passed, there being no evidence to explain its origin upon any other theory."

The court has never decided, however, that such testimony makes out a case of undisputed facts from which the jury must infer that the fire originated from the passing engine. Such state of facts merely warrant the jury in drawing such an inference according to the peculiar circumstances of each case.

In the present case there was no direct testimony that the engine was throwing out sparks of sufficient size to ignite the grass on the right-of-way or in the pasture, nor was there any proof as to the grade of the roadbed at that particular point so as to indicate the force of the exhaust from the engine. Moreover, the witnesses in the case gave varying accounts of the time within which the fire was discovered after the passing of the engine and the extent of the burnt area when they discovered the fire. There was testimony tending to show that the Bermuda grass had been eaten down very low, and the jury might have found that the fire spread very slowly under those circumstances and that the extent of the burned area at the time some of the witnesses discovered the fire indicated that it had been burning a longer time than since the passing of the engine. The proof shows that the pasture caught fire the day before this burning occurred, but there is no attempt to explain how that fire originated.

Taking all of these circumstances together, we cannot say that the jury were not warranted in declining to draw the inference that the fire was caused by the sparks set out by the engine. The verdict of the jury on this issue was not wholly unsupported by evidence.

The court, over appellant's objection, gave an instruction which reads as follows:·

"You are instructed that even if you find for plaintiff, you should not return a verdict for more than the actual cost value of the property destroyed by fire."

There was a specific objection to the use of the word "even," and that particular part of the instruction is urged here as such an error as should call for a reversal of the judgment. The argument is that the use of that word necessarily implied an intimation of the court's opinion to the effect that it is not probable that the jury would find for the plaintiff. We do not think that such is the necessary implication. It is hardly probable that the jury so interpreted the instruction. The word objected to was evidently used in the popular sense as carrying the same meaning as "although" or "if." We do not think that this was calculated to mislead the jury into accepting it as an intimation of the court's opinion upon the weight of the evidence.

Judgment affirmed.